Case 2:13-cv-01899-NIQA Document 13 Filed 04/11/14 Page 1 of 9

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HECTOR GOMEZ** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| v. | : | **NO. 13-1899** |
| | : | |
| **UPPER DARBY TOWNSHIP,** *et al.* | : | |
| *Defendants* | : | |

## MEMORANDUM OPINION

NITZA I. QUIÑONES ALEJANDRO, J.   April 11, 2014

### INTRODUCTION

Before the Court is a Federal Rule of Civil Procedure 12(b)(6) *motion to dismiss* filed jointly by Upper Darby Township (a municipality in the Commonwealth of Pennsylvania); Michael Chitwood, Commissioner of the Upper Darby Township Police Department; and Detectives of the Upper Darby Township Police Department William T. Sminkey, William McGoldrick, and Timothy Bernhardt, (collectively, "Defendants"), which seeks the dismissal of the complaint on the basis of the expiration of the statute of limitations.[1] [ECF 7]. Hector Gomez ("Plaintiff") opposes the motion [ECF 10]. The motion to dismiss is ripe for consideration.

For the reasons stated herein, the motion to dismiss is granted.

---

[1] Defendants assert additional grounds in support of the motion to dismiss; *to wit*: failure to state a claim for any federal violation against Defendants Sminkey, McGoldrick, Bernhard and Chitwood, failure to state a claim of municipal liability against Defendant Upper Darby Township, qualified immunity for all individuals named and failure to state a claim for malicious prosecution under state law. Since this Court concludes that the federal claims asserted against Defendants are all time-barred, the analysis herein is limited to the statute of limitations argument.

**BACKGROUND**

On November 19, 2012, Plaintiff commenced this action by writ of summons in the Court of Common Pleas of Delaware County, and filed a complaint on April 4, 2013.[2] The matter was removed to federal court on April 10, 2013. Thereafter, Plaintiff filed an amended complaint on May 16, 2013, asserting various 42 U.S.C. §1983 ("§1983") and state law claims against Defendants. Briefly, the federal claims asserted are: violation of Plaintiff's Fourth Amendment right to be free from unreasonable seizure; violation of Plaintiff's Fourteenth Amendment right to procedural due process; conspiracy to violate Plaintiff's rights under the Fourth and Fourteenth Amendments; and failure to properly train and supervise (*i.e.,* a *Monell* claim). The state law cause of action asserted in the amended complaint is one for malicious prosecution.

For the purpose of ruling on Defendants' motion to dismiss, this Court accepts as true the following relevant factual allegations in Plaintiff's amended complaint:

> On October 19, 2007, in Upper Darby Township, Pennsylvania, Plaintiff, accompanied by co-worker Darilla Diaz ("Diaz"), was driving home from work in a vehicle registered to Diaz's relative. (Am. Compl. ¶10). On the way, Diaz asked Plaintiff to stop at a diner so that Diaz could meet a friend. (*Id.* ¶11). At the diner, at Diaz's request, Plaintiff exited the vehicle and walked to the rear of the vehicle while Diaz spoke to Defendant Sminkey, a friend, inside the vehicle. (*Id.* ¶12). Diaz tossed a can of brake fluid to Plaintiff and asked him to put it in the trunk of the car. (*Id.* ¶13). The trunk was opened from inside the vehicle by Diaz, and Plaintiff put the can inside the trunk. (*Id.*). Defendant Sminkey left, and shortly thereafter, Plaintiff, with Diaz, drove away. (*Id.* ¶14). Defendants Sminkey and McGoldrick followed the pair in their unmarked police car, stopped, arrested, and charged Plaintiff and Diaz with multiple offenses including unlawful possession, manufacture, and delivery or attempted delivery of heroin. (*Id.* ¶¶14-15).
>
> Plaintiff was convicted of possession of a controlled substance, possession with intent to deliver a controlled substance, possession of drug paraphernalia, and criminal conspiracy, and sentenced. (*Id.* ¶¶15, 21).[3]
>
> Plaintiff appealed his conviction and was granted a new trial. (*Id.* ¶24). Prior to his new trial, the state court ordered Defendant Sminkey to identify the confidential informant. (*Id.* ¶25). Initially, Defendant Sminkey refused but later

---

[2] Plaintiff's state court filings can be found on this Court's docket (13-CV-1899) at ECF 1.
[3] Diaz pled guilty to some of the charges. (*Id.* ¶15).

provided the name of the informant, who had been incarcerated at the time of Plaintiff's arrest.[4] (*Id.* ¶25). On November 18, 2010, Plaintiff was acquitted of all charges. (*Id.* ¶27).

Plaintiff avers that his conviction was based on Defendants' presentation of fabricated evidence offered at trial by perjured testimony. (*Id.* ¶¶20-21).

**LEGAL STANDARD**

When considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [his] claims across the line from conceivable to plausible.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

---

[4] By the time Defendant Sminkey provided the identity of the confidential informant to the trial court, the confidential informant was deceased.

A defendant may raise the statute of limitations as a defense by way of a motion to dismiss under Rule 12(b)(6), if the statute's application is apparent on the face of the complaint. *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n. 1 (3d Cir. 1994); *Voneida v. Stoehr*, 2013 WL 363477 (3d Cir. 2013).

**DISCUSSION**

In their motion to dismiss, Defendants argue that the claims asserted against them in the amended complaint should be dismissed because each is premised on conduct that occurred in 2007 and, thus, is barred by the applicable statute of limitations. It is well-settled that the statute of limitations period for a §1983 civil rights action is the limitations period for personal injury torts in the state where the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Plaintiff's cause of action arose in Darby Township, Pennsylvania. Thus, Pennsylvania's two-year statute of limitations governing personal injury claims applies to Plaintiff's civil rights claims. 42 Pa. C.S. §5524;[5] *Kach*, 589 F.3d at 634; *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003).

Determining when a federal cause of action accrues is a matter governed by federal law. *Wallace*, 549 U.S. at 388. Under federal law, a cause of action accrues, and the statute of limitations begins to run, as soon as a plaintiff either is aware or should be aware of the existence of and source of an injury. *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998); *Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982). Generally, a cause of action

---

[5] 42 Pa.C.S. §5524(2) provides that an action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence of another must be commenced within two years.

accrues and the statute of limitations begins to run when "the first significant event necessary to make the claim suable" occurs. *Ross v. Johns-Manville Corp.,* 766 F.2d 823, 826 (3d Cir. 1985).

Fourth Amendment claims for false imprisonment are similar to those for false arrest as these are both "grounded in the Fourth Amendment guarantee against unreasonable seizures." *Gorman v. Twp. of Manalapan,* 47 F.3d 628, 636 (3d Cir. 1995). An arrest lacking probable cause, in violation of the Fourth Amendment, provides a plaintiff a claim under §1983 for false imprisonment based upon the detention made pursuant to the illegal arrest. *Id.* at 636. The statute of limitations for the alleged false imprisonment begins to run when the false imprisonment ends, *i.e.,* when the individual becomes detained pursuant to legal process or when released. *See Wallace,* 549 U.S. at 397; *Woodward v. Gillespie,* 1994 WL 561916 (E.D. Pa. Oct. 14, 1994) (citing *Rose v. Bartle,* 871 F.2d 331, 350 (3d Cir. 1989)); *Montgomery v. De Simone,* 159 F.3d 120, 126 (3d Cir. 1998).

Defendants argue that Plaintiff's §1983 claims are barred because they accrued at the time of his arrest on October 19, 2007, or in the alternative, at the time of his arraignment on December 6, 2007. As pled, Plaintiff's §1983 claims are based on his allegation that he was unreasonably seized in violation of the Fourth and Fourteenth Amendments. That seizure occurred at his arrest on October 19, 2007. In his response, Plaintiff disputes that the arrest triggered the accrual date. Instead, he argues that his §1983 claims are not premised on false arrest or false imprisonment, but rather on his claim of malicious prosecution.

A fair reading of Plaintiff's five-count amended complaint, however, reveals that each of Plaintiff's federal claims[6] is premised upon his arrest on October 19, 2007; an arrest he claims was in violation of his rights under the Fourth and Fourteenth Amendments, *to wit*:

---

[6] Count I is Plaintiff's state claim for malicious prosecution.

5

- At Count II, Plaintiff alleges that Defendants deprived him of his right to be free from unreasonable seizure and wrongfully deprived him of liberty in violation of §1983 and the Fourth Amendment.

- At Count III, Plaintiff alleges that Defendants deprived him of his right to procedural due process and wrongfully deprived him of his liberty.
- At Count IV, Plaintiff charges that Defendants conspired to violate his rights under §1983, Fourth and Fourteenth Amendment, fabricate evidence, and present perjured testimony at his trial.[7]

Thus, Plaintiff's argument that his §1983 claims are premised on malicious prosecution is misguided. To the contrary, as pled, the alleged §1983 violations are premised on Plaintiff's arrest and false imprisonment, the date his liberty was deprived, and not on the alleged malicious prosecution. Therefore, on the date of his arrest in 2007, Plaintiff knew or should have known of his injury, and he had two years to bring suit against the offenders. The filing of the writ of summons in November 2012, is patently beyond the two-year statute of limitations. Even considering an accrual beginning on the date of Plaintiff's formal arraignment, December 6, 2007, Plaintiff's claims are time-barred.

### *Monell claim*

As noted, Plaintiff asserts a *Monell* claim alleging that Defendants Chitwood and Upper Darby Township had adopted and maintained a recognized and accepted custom of condoning and encouraging malicious prosecutions that lack probable cause and had failed to properly supervise, discipline, and train offending detectives.[8] Defendants Chitwood and Upper Darby Township argue that the amended complaint fails to plead facts to support a claim of municipal liability against Defendant Upper Darby Township and fails to demonstrate Defendant Chitwood's personal involvement in the arrest. Because this *Monell* claim is based on events that

---

[7] While the statute of limitations bars the Fourth and Fourteenth Amendment claims in Counts II through IV, the conspiracy claim at Count V is discussed later in this memorandum with perjured testimony.

[8] A *Monell* claim alleges municipal liability under §1983 requiring the plaintiff to allege and prove the existence of a policy or custom that resulted in a constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978).

occurred on October 19, 2007, this claim is barred by the applicable two-year statute of limitations. *See Garvin*, 354 F.3d at 220.

*Malicious prosecution argument*

As stated, Plaintiff contends that his §1983 claims are premised on his claim of malicious prosecution and, therefore, did not accrue until his acquittal in 2010 in the underlying criminal action. The statute of limitations on a malicious prosecution claim does not begin to run until the underlying action is terminated in the plaintiff's favor. *Stanley v. City of Pittsburgh*, 2011 U.S. Dist. LEXIS 37255 (W.D. Pa. Apr. 6, 2011) (quoting *Rose v. Bartle*, 871 F.2d 331, 348 (3d Cir. 1989)) (quotations omitted). If this Court was to accept, and it does not, Plaintiff's argument, the malicious prosecution claim accrued on November 18, 2010, at the time of his acquittal. Plaintiff timely filed a writ of summons on Monday, November 19, 2012.[9] However, even accepting that Plaintiff's writ of summons as to his §1983 claims for malicious prosecution was timely filed,[10] Plaintiff's federal claims fail as a matter of law.

As described, Plaintiff alleges that his constitutional rights were violated by the presentation of fabricated evidence through perjured trial testimony. It is well-settled that police officers are entitled to absolute immunity from suit under §1983 for giving perjured testimony. *Rehberg v. Paulk*, 132 S. Ct. 1497 (2012); *Briscoe v. Lahue,* 460 U.S. 325, 343 (1983). This rule may not be circumvented where a plaintiff claims a testifying witness "conspired to present false

---

[9] When computing any time period specified in these rules, in any local rules or in any statute, if the last day is a Sunday, the period continues to run until the end of the next day. Fed. R. Civ. P. 6(a)(1)(C).

[10] To establish a §1983 claim for malicious prosecution, a plaintiff must show: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a reason other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009); *DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005).

testimony or by using evidence of the witness' testimony to support any other §1983 claim concerning the initiation or maintenance of a prosecution." *Rehberg*, 132 S. Ct. at 1506.

In *Briscoe*, the plaintiffs were each convicted based upon the alleged perjured testimony of the defendant police officers and, later, brought §1983 claims against the officers based upon their perjured testimony. 460 U.S. at 326-27. The Supreme Court found that subjecting government officials, such as police officers, to liability under §1983 for their testimony might undermine not only their contribution to the judicial process but also the effective performance of their other public duties, *Briscoe*, 460 U.S. at 343, and held that testifying police officers could not be held liable under §1983 for claims premised upon their alleged perjured testimony. *Id.* at 326; *see also Rehberg*, 132 S. Ct. 1497 (holding that a plaintiff could not assert a §1983 claim based upon a government witness' presentation of fabricated evidence through perjured testimony); *Peteete v. Asbury Park Police Department*, 477 Fed. Appx. 887, 889 (3d Cir. 2012) (affirming dismissal of §1983 claim against police detective based upon perjured testimony because the claim was barred by absolute immunity); *Harper v. Pennsylvania*, 2013 WL 4718952, *2 (E.D. Pa. Sept. 3, 2013) (dismissing §1983 claims against police officer based upon perjured testimony because claims were subject to absolute immunity); *Torres v. McLaughlin*, 1996 WL 680274, *8 (E.D. Pa. Nov. 21, 1996) (holding that "a police officer who gives false testimony in a Pennsylvania court may be prosecuted for perjury or false swearing but cannot be sued for damages under §1983.").

Similarly, Plaintiff seeks to impose §1983 liability on Defendants based entirely upon his contention that the Defendant detectives fabricated evidence against him through their perjured trial testimony. Under *Briscoe* and *Rehberg*, however, Defendants are absolutely immune from such liability and, therefore, Plaintiff's claims fail as a matter of law.

As to Count I of the amended complaint, Plaintiff therein asserts a state law claim based upon Defendants' purported malicious prosecution. Because this Court has dismissed all of Plaintiff's federal claims over which it has original jurisdiction, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim. *See* 28 U.S.C. §1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("If the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 181 (3d Cir. 1999); *Eberts v. Wert*, 1993 WL 304111, *5 (E.D. Pa. Aug. 9, 1993) (holding that "Courts should ordinarily decline to exercise supplemental jurisdiction over state law claims when the federal claims are dismissed.").

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. An order consistent with this memorandum opinion follows.

*Nitza I. Quiñones Alejandro, U.S.D.J.*